Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 979 | **DATE** | 6/20/2001 |
| **CASE TITLE** | Luttrell et al vs. O'Connor Chevrolet, Inc. et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 7/17/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 13-1) for summary judgment is granted in part and denied in part. We grant summary judgment in favor of Defendants Evergreen Finance Co. and Quality Hyundai, Inc. on Counts I and II of the Amended Complaint. Partial summary judgment is also entered in favor of O'Connor Chevrolet, Inc. on Count II of the Amended Complaint, as set forth in detail in Part I.B of the Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 21 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 18 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | |
| SCT | courtroom deputy's initials | 01 JUN 20 PM 4: 59 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBRA B. LUTTRELL and KIMBERLY A. OLSON, )
)
Plaintiffs, )
)
vs. ) No. 01 C 0979
)
O'CONNOR CHEVROLET, INC., an Illinois )
corporation; EVERGREEN FINANCE, an Illinois )
corporation; QUALITY HYUNDAI, INC., an Illinois )
corporation, collectively d/b/a The O'Connor Group; )
CARYL STIPLUN O'CONNOR, Individually; and )
TIMOTHY O'CONNOR, Individually, )
)
Defendants. )

DOCKETED
JUN 2 1 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendants' motion for summary judgment. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs Debra Luttrell and Kimberly Olson have filed this action against their former employer, Defendant O'Connor Chevrolet, Inc. ("O'Connor Chevrolet"), as well as Defendants Evergreen Finance Company ("Evergreen"), Quality Hyundai, Inc. ("Quality Hyundai") (collectively, the "Company Defendants"), Caryl Stiplun

O'Connor, and Timothy O'Connor. The seven-count complaint contains sexual harassment and retaliation claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and five state common law causes of action. Defendants have moved for summary judgment, arguing that Plaintiffs' Title VII claims are untimely and that in their absence, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In employment discrimination cases, we apply this standard with "added rigor" before granting summary judgment. Mills v. Health Care Service Corp., 171 F.3d 450, 454 (7th Cir. 1999). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 312, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits;

it must go beyond the pleadings and support its contentions with proper documentary evidence. Id.

The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. "In such a situation there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex at 323. With these principles in mind, we turn to the merits of Defendants' motion.

## DISCUSSION

### I. Proper parties to the action

The Company Defendants move for summary judgment on Olson's Title VII claims on the ground that Olson failed to name them in the charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC"). Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent Title VII action. Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A., 657 F.2d 890, 905 (7th Cir. 1981). However, in this circuit, a previously unnamed defendant or a defendant mentioned only in the fact statement of an EEOC charge may be sued under Title VII if it had adequate notice of the plaintiff's claims and an opportunity to

conciliate. Id.; see also Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989). Olson contends that her charge naming as the respondent employer the "O'Connor Auto Group" was sufficient to put the three Company Defendants on notice of the charges against them and the possibility that they would later be sued under Title VII.

In analyzing the application of the Eggleston exception to the Company Defendants, we start from the critical fact that the "O'Connor Auto Group" does not exist as a legal entity but is rather an unofficial term used to refer collectively to the three Company Defendants. See, e.g., Affidavit of Defendant Caryl O'Connor, attached to Defendants' Local Rule 56(a) Statement, at ¶ 3; Website of the "O'Connor Auto Group" at http:\www.oconnorauto.com (containing information about O'Connor Chevrolet and Quality Hyundai dealerships). It could not, therefore, have employed Olson. Nevertheless, the "O'Connor Auto Group" did retain counsel to represent it at the EEOC level. See Affidavit of Brian T. Bailey and January 31, 2001, letter from EEOC to Brian T. Bailey, both attached as Exhibit D to Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment. At least one of the Company Defendants was therefore on notice of and participated in the EEOC proceedings.

It appears from both parties' submissions that, at the time of the alleged discrimination, Olson worked only at the O'Connor Chevrolet dealership. See, e.g., "Charge Receipt Notes," Group Exhibit D to Pl. Response in Opp. of Def. Mtn. for Summary Judgment. Neither Quality Hyundai nor Evergreen Finance employed her or paid her salary during this period. See Affidavit of Caryl O'Connor, attached to Def. Reply in Supp. of their Mtn. for Summary Judgment, at ¶ 3-4 ("Second O'Connor Affidavit"). Moreover, the address at which Olson listed the "O'Connor Auto Group" in her EEOC charge is 12680 S. Kedzie in Alsip, Illinois. O'Connor Chevrolet is located at this address; Quality Hyundai and Evergreen Finance are not. See Second O'Connor Affidavit, at ¶ 5. From this we conclude that Olson's EEOC charge put O'Connor Chevrolet on notice of the charges against it and the availability of the conciliation process. Quality Hyundai and Evergreen Finance, which did not employ Olson at the relevant time and were not located at the address listed in Olson's charge, were not given sufficient notice of the possibility of a future lawsuit to justify applying the Eggleston exception to them. Accordingly, the motion for summary judgment on Olson's Title VII claims is granted with respect to Quality Hyundai and Evergreen Finance and denied with respect to O'Connor Chevrolet.

## B. Timeliness

Defendants move for summary judgment on Luttrell's Title VII claims on the ground that Luttrell failed to timely file suit on those claims. Pursuant to 42 U.S.C. §2000e-5(f)(1), a plaintiff is required to bring suit within 90 days of receipt of a Notice of Right to Sue from the EEOC. Luttrell filed two EEOC charges against O'Connor Chevrolet: a sexual harassment and retaliation charge on January 14, 2000 ("Charge 1341"), and a retaliation charge on August 21, 2000 ("Charge 4524"). With respect to Charge 1341, the EEOC issued a right to sue letter by certified mail on October 30, 2000. After three attempts at delivery, the U.S. Postal Service returned the letter to the EEOC. The EEOC then re-sent the letter by regular mail; Luttrell reportedly received it on or about November 30, 2001. With respect to Charge 4524, Luttrell received her right to sue letter on or about February 1, 2001. She filed this suit eleven days later, on February 12, 2001.

It is clear that as to the retaliation allegations set forth in Charge 4524, Luttrell's lawsuit was properly filed within the statutory 90-day period. The motion for summary judgment is therefore denied as to those claims. With respect to Charge 1341, on the other hand, Luttrell's claims are time-barred. This action was filed 105 days from the date on which the EEOC issued a right to sue letter on that charge. Applying the traditional presumption that the right to sue letter was received five days after it was

issued, see Lloyd v. Sullivan, 882 F.2d 218 (7th Cir. 1989), the complaint was filed 100 days after receipt of the right to sue letter. This is ten days too late, and the complaint is therefore untimely.

The Seventh Circuit has held that in certain cases, the 90-day period does not commence until the plaintiff or her attorney actually obtains physical possession of the right to sue letter issued by the EEOC. See Houston v. Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999) (citations omitted); Jones v. Madison Service Corp., 744 F.2d 1309, 1312 (7th Cir. 1984). This actual notice rule does not, however, apply to a plaintiff who fails to receive actual notice of her right to sue through her own fault. See Houston, 185 F.3d at 839 (citing St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984)). Thus where a right to sue letter is sent by certified mail and the plaintiff fails to pick up the letter before the Post Office returns it to the EEOC, the actual notice rule does not apply unless the plaintiff produces facts explaining why she did not timely retrieve the letter. Id. at 840, n.5. Luttrell has not offered any such explanation. She merely states that she did not receive the letter until it was re-sent by regular mail. This is insufficient to confer upon Luttrell the benefits of the actual notice rule.

In sum, because the evidence shows – and Luttrell admits – that the Post Office made three attempts to deliver the first right to sue letter by certified mail, and because Luttrell has not demonstrated that her failure to retrieve the letter was not her fault,

-7-

Luttrell cannot take advantage of the actual notice rule with respect to Charge 1341. Rather, she is charged with constructive notice of her right to sue on that charge as of November 4, 2000, five days after the letter was issued by the EEOC. Because Luttrell did not file her complaint until 100 days later, the complaint is untimely as to Charge 1341.

Accordingly, the motion for summary judgment is granted with respect to the sexual harassment and retaliation allegations set forth in Charge 1341. We grant summary judgment in favor of Defendants on all of Luttrell's sexual harassment claims. We also grant summary judgment in favor of Defendants on Luttrell's claim that she was terminated in retaliation for reporting the alleged sexual harassment to her supervisors. Luttrell's claim that, following her discharge, O'Connor Chevrolet retaliated against her by providing negative employment references to potential employers was encompassed only in timely Charge 4524. This claim therefore survives summary judgment. To the extent that Luttrell seeks to assert Title VII claims against either Evergreen Finance or Quality Hyundai, we grant summary judgment as to those claims for the reasons set forth in Part I.A., above.

## II. State law causes of action

Because certain of Plaintiffs' federal claims remain in the case, our supplemental jurisdiction over their state law claims is undisturbed. The motion for summary judgment on Plaintiffs' state law claims is therefore denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted in part and denied in part. We grant summary judgment in favor of Defendants Evergreen Finance Co. and Quality Hyundai, Inc. on Counts I and II of the Amended Complaint. Partial summary judgment is also entered in favor of O'Connor Chevrolet, Inc. on Count II of the Amended Complaint, as set forth in detail in Part I.B., above.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: June 20, 2001