Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 979 | **DATE** | 9/18/2001 |
| **CASE TITLE** | Luttrell et al vs. O'Connor Chevrolet, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 23-1) to dismiss is granted in part and denied in part. We dismiss Counts III and IV pursuant to Plaintiffs' voluntary dismissal. We grant the motion to dismiss Count V (assault and battery) as to O'Connor Chevrolet but deny it as to Timothy O'Connor. In addition, we dismiss Count VI (negligent training, supervision and retention) as to O'Connor Chevrolet because it is preempted. Count VII (slander) stands as to all Defendants.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 19 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 26 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 SEP 18 PM 4:35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA B. LUTTRELL and<br>KIMBERLY A. OLSON,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>O'CONNOR CHEVROLET, INC., an<br>Illinois corporation, EVERGREEN<br>FINANCE COMPANY, an Illinois<br>corporation, collectively d/b/a<br>THE O'CONNOR GROUP, CARYL<br>STIPULIN O'CONNOR, individually,<br>and TIMOTHY O'CONNOR, individually,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 01 C 979 |

DOCKETED

SEP 19 2001

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion to dismiss of Defendants O'Connor Chevrolet, Inc., The O'Connor Group, Caryl O'Connor and Timothy O'Connor. For the reasons set forth below, we deny the motion to dismiss Count V (assault and battery) as to Timothy O'Connor but grant it as to O'Connor Chevrolet. In addition, we grant the motion to dismiss Count VI (negligent training, supervision and retention) as to O'Connor Chevrolet. Finally, we deny the motion to dismiss Count VII (slander) as to all Defendants.

## BACKGROUND

For purposes of the instant motion to dismiss, we accept as true the well-pleaded allegations of Plaintiffs' Complaint as we are obligated to do. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Defendant O'Connor Group does business as O'Connor Chevrolet, Evergreen Finance Company, and Quality Hyundai, Inc.. The president, secretary, sole director and controlling shareholder of the O'Connor Group is Defendant Caryl O'Connor. Her son, Defendant Timothy O'Connor, is the Sales Manager of O'Connor Chevrolet. Plaintiff Debra Luttrell ("Luttrell") worked for O'Connor Chevrolet as an Office Manager and Comptroller from September 1998 until December 1999. Plaintiff Kimberly Olson ("Olson") worked for The O'Connor Group from January 1998 until January 2000 as its Business Development Manager. Both Luttrell and Olson worked under Timothy O'Connor.

Luttrell and Olson claim to have been subjected to constant sexual harassment in the course of their employment, including exposure to pornography, sexually explicit remarks and repeated sexual advances. Additionally, Luttrell alleges that Timothy O'Connor threatened and physically touched her. Both Luttrell and Olson allegedly reported this behavior numerous times to their superiors, yet no action was taken. Luttrell and Olson believe that Caryl O'Connor knew of this behavior but took no

action to correct it. Both women were fired as a result of their complaints regarding Timothy O'Connor's behavior. After Luttrell was fired, she alleges Timothy O'Connor commented that Luttrell was "sleeping with the dealer" and had stolen money from the dealership.

Luttrell and Olson filed an amended seven-count Complaint against the Defendants. Counts I and II allege sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Counts III and IV assert sexual harassment and retaliation in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(D). Count V claims common law assault and battery, Count VI negligent and/or willful training, supervision and retention, and Count VII slander.

Defendants have moved to dismiss Counts III, IV, V, VI and VII of the Complaint. In their response brief, Plaintiffs agreed to voluntarily dismiss Counts III and IV. We are left with Defendants' challenges to Counts V and VI on the grounds of preemption by the Illinois Human Rights Act or, in the alternative, of lack of vicarious liability. We must also decide whether, as Defendants contend, Count VII lacks specificity and is barred by the statute of limitations.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. In ruling on a motion

to dismiss, the Court must construe the complaint's allegations in the light most favorable to the plaintiff and accept as true all well-pleaded facts and allegations. See Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. See Lucien v. Preiner, 967 F.2d 1116, 1168 (7th Cir. 1992). In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must limit itself to the allegations contained in the pleadings themselves.

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the Court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996) (citing Bowyer v. United States Dep't of Air Force, 874 F.2d 632, 635 (7th Cir. 1989)). The plaintiff bears the

burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942). It is with these principles in mind that we address the motion before us.

## DISCUSSION

I. Assault and Battery

A. Defendant Timothy O'Connor

Under the Illinois Human Rights Act ("IHRA"), "no Court of this state shall have jurisdiction over the subject to an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C) (West 2001). The IHRA makes it a "civil rights violation" for any employer or employee "to engage in sexual harassment." 775 ILCS 5/2-102(D) (West 2001). Sexual harassment is defined as "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when . . . such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." 775 ILCS 5/2-101(E) (West 2001).

The IHRA preempts state tort claims whose facts are "inextricably linked" to civil rights violations listed in the IHRA. Geise v. Phoenix Co. of Chicago, Inc., 639 N.E.2d 1273, 1276-78 (Ill. 1994). However, where a plaintiff establishes a cause of action independent from the IHRA, the cause of action is not preempted by the IHRA. See Maksimovic v. Tsogalis, 687 N.E.2d 21, 24 (Ill. 1997). In Geise, the plaintiff was sexually harassed by a co-worker and sued her employer for negligent retention. Geise, 639 N.E.2d at 1274. The Court found that because the IHRA created the duty to the plaintiff's negligence claim, the claim was inextricably linked the IHRA. See id. at 1277. Consequently, the Court's subject matter jurisdiction was stripped. Id. at 1277. In Maksimovic, the plaintiff was sexually harassed by her co-worker and sued the co-worker for assault and battery and false imprisonment. Maksimovic, 687 N.E.2d at 22. Here, unlike Geise, the Court found that the plaintiff stated claims independent of the IHRA because assault and battery and false imprisonment have long been recognized as independent causes of action, even when they are based on factual allegations of sexual harassment. See id. at 23. Thus, whether or not a cause of action is inextricably linked to the IHRA depends on the plaintiff's ability to allege the elements of a tort without reference to the legal duties created by the IHRA, and not on whether the facts of the case contain allegations of sexual harassment. See Bruce v. South Stickney Sanitary Dist., 2001 U.S. Dist. LEXIS 9815 (N.D. Ill. July 11, 2001).

In the case at bar, Luttrell alleges that on numerous occasions Timothy O'Connor rubbed up against her shoulder and hip while making inappropriate sexual comments and requests. Under Illinois law, causing bodily harm or "making physical contact of an insulting nature" constitutes a battery. Jenkins v. Nelson, 157 F.3d 485, 497 (7th Cir. 1998); 720 ILCS § 5/12-3 (2001). Thus, the facts alleged in the complaint state a cause of action long recognized in Illinois that is independent of any duties imposed on defendant Timothy O'Connor by the IHRA. We therefore deny Timothy O'Connor's motion to dismiss Count V for assault and battery.

B. Defendant O'Connor Chevrolet

O'Connor Chevrolet also seeks dismissal of Count V. It contends it cannot be held vicariously liable for the intentional torts of employee Timothy O'Connor because O'Connor acted outside the scope of his employment. In support of this argument defendant relies on Thomas v. L'Eggs Product, Inc., 13 F.Supp. 2d 806 (C.D. Ill. 1998). In Thomas, the plaintiff alleged she was sexually harassed at work and filed a complaint against her employer for negligent retention and battery. See id. at 810. With regard to the battery count, the court noted that the plaintiff failed to allege that her co-worker acted within the scope of his employment when he committed the battery, and even if that were alleged, sexual misconduct is clearly outside the scope

of employment. See id. Because of this deficiency, the plaintiff failed to state a cause of action for battery against the employer through vicarious liability. See id.

Indeed, a long line of cases applying Illinois law hold that acts of sexual misconduct are outside the scope of employment as a matter of law. See Hughley v. Hudgins, 1997 U.S. Dist. LEXIS 7442 (N.D. Ill. May 23, 1997) (granting defendant's motion to dismiss because sexual assault of a minor by CHA officer is clearly beyond the scope of his employment as a matter of law); Dockter v. Rudolf Wolff Futures, Inc., 684 F.Supp. 532 (N.D. Ill. 1988) (sexual harassment of an employee by a supervisor was committed solely for the benefit of the employee); Randi F. v. High Ridge YMCA, 524 N.E.2d 966 (Ill. App. Ct. 1988) (affirming trial court's decision to grant defendant's motion to dismiss because sexual assault of child by day care teacher is a deviation from the scope of employment as a matter of law); Dorsey v. Givens, 2001 U.S. Dist. LEXIS 7735 (N.D. Ill. June 5, 2001) (granting defendant's motion for summary judgment because employee's inappropriate touching is outside the scope of employment as a matter of law).

In the case at bar, Luttrell wishes to extend liability for Tim O'Connor's alleged battery to his employer, O'Connor Chevrolet, through a theory of vicarious liability. However, the Complaint does not allege that Timothy O'Connor's job description included sexually assaulting female employees. Nor does the Complaint allege that

Timothy O'Connor was otherwise acting within the scope of his employment or furthering his employer's business when he sexually assaulted her. Even assuming the Complaint did allege that Timothy O'Connor was acting within the scope of his employment when he allegedly sexually assaulted her, Illinois courts have long held that sexual misconduct of employees is outside the scope of their employment as a matter of law, thereby relieving the employer of any liability. We therefore grant O'Connor Chevrolet's motion to dismiss Count V.

II. Negligent Training, Supervision and Retention

Invoking <u>Geise</u> once again, O'Connor Chevrolet argues that the claim of negligent training, supervision and retention must be dismissed because it is "inextricably linked" to the IHRA and therefore divests this Court of subject matter jurisdiction. In <u>Geise</u>, the Illinois Supreme Court established that an action for negligent retention predicated on the same facts as a sexual harassment claim is preempted by the IHRA because the claims are inextricably linked. 639 N.E.2d at 1277. The Illinois Supreme Court's later holding in <u>Maksimovic</u> qualified the rule in <u>Geise</u>, but nonetheless agreed with <u>Geise</u>'s holding that a cause of action for negligent retention premised solely on a duty grounded in the IHRA is preempted by the IHRA. See <u>Maksimovic</u>, 687 N.E.2d at 23.

Assuming that the Complaint alleges all of the elements of negligent training, supervision and retention, the question becomes whether this claim is based on sexual harassment or an independent tort. If it is based on sexual harassment, the only duty required of the defendant employer is created by the IHRA and the claim is inextricably linked to the IHRA. See Geise, 639 N.E.2d at 1274; Thomas, 13 F.Supp.2d at 809. However, if the claim is based on some other independent tort, like assault and battery, then the duty is created by the employer's failure to protect its employees from assault and battery and the claim is not inextricably linked. See Finnane v. Pentel of America, Ltd., 43 F. Supp. 2d 891, 903 (N.D. Ill. 1999); Warnell v. Ford Motor Company, 1998 U.S. Dist. LEXIS 16952 (N.D. Ill. October 21, 1998); Ofama v. Armour, 1998 U.S. Dist. LEXIS 11052 (N.D. Ill. June 25, 1998).

In both Geise and Thomas, the plaintiffs' claims of negligent retention were based on the employers' failure to protect the plaintiffs from sexual harassment, a duty imposed by the IHRA. Geise, 639 N.E.2d at 1274; Thomas, 13 F. Supp. 2d at 809. Thus, the IHRA preempted those courts from having subject matter jurisdiction and the motions to dismiss were granted. See id. By contrast, in Finnane, Warnell and Ofama, the plaintiffs' claims of negligent retention were based on common law torts of assault and battery, which created a duty independent of the IHRA. Finnane, 43 F. Supp. 2d at 903; Warnell, 1998 U.S. Dist. LEXIS 16952; Ofama, 1998 U.S. Dist. LEXIS 11952.

Thus, the IHRA did not preempt those courts from having subject matter jurisdiction and the motions to dismiss were denied as to those negligence claims that were predicated on assault and battery. See id.

In the case at bar, the Complaint states that

> [c]oncerning the subject of sexual harassment, O'Connor Chevrolet, through its officers, employees and/or agents . . . failed to monitor and/or train its employee/agent Tim O'Connor, and as a result, Plaintiffs suffered from the illegal treatment described in the foregoing Paragraphs of this Complaint.

(Amd. Compl. ¶ 82.) This paragraph refers only the defendant's duty to prevent sexual harassment. Thus, Plaintiffs have expressly predicated their negligence claim on the defendant's duty to protect against sexual harassment, and not the assault and battery. Because the IHRA imposes on the defendant employer the duty to protect its employees from sexual harassment, this claim is inextricably linked to the IHRA and is preempted. We therefore grant O'Connor Chevrolet's motion to dismiss Count VI, negligent training, supervision and retention.

III. Slander

A. Specificity

Defendants argue that Count VII (slander) should be dismissed because it is lacking in specificity. According to that Count, the allegedly false statements

> included, *but were not limited to*, falsely stating that Luttrell was "sleeping with the dealer principal" and stealing from O'Connor Chevrolet.

(Amd. Compl. ¶ 86 (emphasis added).) Defendants argue that the phrase "but were not limited to" implies that Luttrell might allege other slanderous statements, and that if this is her intention, she must state with specificity what those other statements are.

Because federal notice pleading standards are procedural rules, they apply to Plaintiff's pendent state law claims under the Erie doctrine. See Vantassell-Matin v. Nelson, 741 F. Supp. 698, 707 (N.D. Ill 1990). The federal rules contain an "haec verba" pleading rule requiring defamation claims to set forth the alleged defamatory words published or spoken by the defendant. Id. The rationale of the requirement is that the defendant needs general knowledge of the exact language in order to formulate a responsive pleading. See id. However, verbatim quotes are not required. See id. at 707-08; see also Pelech v. Klaff-Joss, LP, 828 F. Supp. 525, 534 (N.D. Ill. 1993); Chisolm v. Foothill Capital Corp., 940 F. Supp. 1273, 1285 (N.D. Ill. 1996); Guy v. State of Ill., 958 F. Supp. 1300, 1312 (N.D. Ill. 1997).

In Pelech, the plaintiff failed to allege who made the defamatory statements and to whom they were made. See 828 F. Supp. at 534. However,

the court denied a motion to dismiss, holding that by alleging the basic substance of the statements the plaintiff had pleaded with sufficient specificity. See id. Similarly, in Chisolm, the plaintiff failed to specify the name of the person who made the statement or the date on which it was said. See 940 F. Supp. at 1280. However, the court denied the defendant's motion to dismiss because it held that by alleging the basis substance of the statements, the plaintiff had pleaded with sufficient specificity. See id.

In light of these authorities, we find that Luttrell sets forth with sufficient specificity the alleged defamatory statements. As quoted above, she attributes two specific alleged statements to Defendants. Those statements furnish Defendants sufficient information with which to formulate responsive pleadings.

Defendants appear to concede this point, yet they fear that the words "but not limited to" may allege different defamatory statements. What we can conclude on the present pleadings is that the two specifically alleged statements are actionable. Construing Luttrell's Complaint in the light most favorable to her, as is required, whatever additional statements she may be referring to are substantially identical to those stated in the Complaint. For example, "but not limited to" could very probably mean that the alleged statement, "sleeping with the dealer," may actually have been phrased, "Luttrell was having sexual

intercourse with the boss." Similarly, the alleged statement, "stealing from the company," may actually have been phrased, "Luttrell was robbing the dealer blind." Because Luttrell has specified two alleged defamatory statements, the mere fact that Defendants can construe the Complaint to possibly mean something else does not mean Luttrell has failed to state a claim. Should Luttrell assert at a later date any additional allegedly defamatory statements that Defendants find improper, we can entertain the objections at that time. We therefore deny Defendants' motion to dismiss Count VII for lack of specificity. We expect that the discovery available to Defendants will clarify the present uncertainty as to the scope of this claim.

B. Statute of Limitations

Defendants also argues that the slander count should be dismissed because the one-year statute of limitations has expired. Under Illinois law, a one-year statute of limitations applies to slander actions. 735 ILCS § 5/13-210 (West 2001). The cause of action generally accrues and the statute of limitation begins to run on the date of publication of the defamatory material. See Tom Olesker's Exciting World of Fashion, Inc., v. Dun & Bradstreet, Ind., 334 N.E.2d 160, 161 (1975). In defamation actions, courts have applied the discovery rule. See id. This rule asks when a plaintiff knew or should have known of the existence of

actionable conduct. See Swider v. Yeutter, 762 F. Supp. 225, 228 (N.D. Ill. 1991). Under the discovery rule, if the confidential nature of the defendant's publication prohibits the plaintiff from early discovery of the defamation, then the statute of limitation begins to run from the point in time when the plaintiff knew or should have known of the defamatory statements, not from the date of publication. See id.

In the case at bar, Luttrell alleges that the defamatory statements were made between January and March of 2000. She filed her Complaint on February 12, 2001. Any defamatory statement of defendant made after February 12, 2000 would not be barred by the statute. The question here is whether any statements alleged to have occurred before that date are barred. We think not.

The Complaint asserts that the Defendants made the alleged statements to Luttrell's prospective employers after she was fired. Because the statements were made orally rather than in writing, Luttrell appears not to have had an opportunity to learn of them until she secured alternative employment. That did not happen until March 2000. Because the confidential nature of Defendant's alleged statements prohibited Luttrell from learning about them, the earliest Luttrell could have known about them was March 2000. Therefore, applying the discovery rule, her slander claim did not trigger the statute of limitations until

March 2000. By filing her Complaint on February 21, 2001, Luttrell appears to have acted within the statute of limitations. We therefore deny Defendants' motion to dismiss the slander count on statute of limitations grounds.

## CONCLUSION

In sum, we dismiss Counts III and IV pursuant to Plaintiffs' voluntary dismissal. We grant the motion to dismiss Count V (assault and battery) as to O'Connor Chevrolet but deny it as to Timothy O'Connor. In addition, we dismiss Count VI (negligent training, supervision and retention) as to O'Connor Chevrolet is granted because it is preempted. Count VII (slander) stands as to all Defendants.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: September 18, 2001