# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 979 | **DATE** | 11/29/2001 |
| **CASE TITLE** | Luttrell et al vs. O'Connor Chevrolet, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ∘ ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Luttrell's motion (Doc 29-1) for reconsideration is granted. We vacate our prior judgment on the timeliness of the complaint and deny O'Connor summary judgment on that issue.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 30 2001 date docketed | 32 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 NOV 29 PM 12:50 | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA B. LUTTRELL and<br>KIMBERLY A. OLSON,<br><br>Plaintiffs,<br><br>vs.<br><br>O'CONNOR CHEVROLET, INC., an<br>Illinois corporation, EVERGREEN<br>FINANCE COMPANY, an Illinois<br>corporation, QUALITY HYUNDAI, INC.,<br>an Illinois corporation, collectively d/b/a<br>THE O'CONNOR GROUP, CARYL<br>STIPULIN O'CONNOR, individually,<br>and TIMOTHY O'CONNOR, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 01 C 979<br><br>**DOCKETED**<br>NOV 3 0 2001 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Plaintiff Debra Luttrell's second motion for reconsideration pursuant to Fed. R. Civ. Proc. 60(b). She asks the court to amend its earlier ruling that granted Defendants' motion for partial summary judgment. For the following reasons, Luttrell's motion for reconsideration is granted, and we vacate our prior judgment regarding the timeliness of her complaint.

## BACKGROUND

On January 14, 2000, Plaintiff Debra Luttrell ("Luttrell") filed a charge against Defendants O'Connor Chevrolet, Evergreen Finance, Quality Hyundai, Caryl Stiplun O'Connor, and Timothy O'Connor (collectively referred to as "O'Connor") with the Equal Employment Opportunity Commission ("EEOC"), alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC issued a right-to-sue letter to Luttrell and attempted to deliver the letter via certified mail on October 30. Because Luttrell was not home, the mail carrier left notice that she could pick up the letter at the post office.

In her response to O'Connor's 56.1 statement of facts, Luttrell stated that she received one of the notices and attempted to retrieve the letter from the post office within three business days. By that time, the letter had already been sent back to the EEOC. Luttrell informed the EEOC, who resent the letter to her via first class mail. Luttrell physically received the letter on November 30, 2000.

Luttrell filed this suit on February 12, 2001, 105 days after the first attempt to deliver the letter to her. After discovery was conducted, the defendants filed a motion for partial summary judgment on Luttrell's claims that arose out of the October 30 right-to-sue letter because Luttrell filed the lawsuit outside of the 90-day filing period set forth in Title VII. The court granted the defendants' motion for partial summary judgment and later denied Luttrell's motion for reconsideration.

Luttrell now asks this court to reconsider its decision for the second time. She argues that a recent Seventh Circuit opinion mandates a different outcome. Covington v. Illinois Security Service, Inc., 269 F.3d 863 (7th Cir. 2001).

## LEGAL STANDARD

A motion for reconsideration may be granted where the court determines that the moving party is entitled to relief from the operation of the judgment. Fed. R. Civ. P. 60(b); United States v. Guth, 1997 WL 126992 (N.D. Ill. Mar. 13, 1997). The rule sets forth certain specific reasons that will support reconsideration, as well as allowing a court to revisit a prior order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A change in decisional law, even one stated in dictum, forms the basis for relief under Rule 60(b)(6). Pickett v. Prince, 52 F. Supp. 2d 893, 904 (N.D. Ill. 1999); Wright & Miller, Federal Practice and Procedure, § 2864.

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. In deciding whether summary judgment is appropriate, a district court must

"construe all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party." Rizzo v. Sheahan, 266 F.3d 705, 711 (7th Cir. 2001).

## DISCUSSION

As set forth in our prior opinion, Title VII requires a plaintiff to bring suit within 90 days of receipt of a Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000 e-5(f)(1). The traditional presumption is that the right-to-sue letter is received five days after it is issued. See Loyd v. Sullivan, 882 F.2d 218 (7th Cir. 1989). However, the Seventh Circuit has held that in certain cases, the 90-day period does not commence until the plaintiff or her attorney actually obtains physical possession of the right-to-sue letter issued by the EEOC. See Houston v. Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999) (citations omitted). This "actual notice rule" does not, however, apply to a plaintiff who fails to receive actual notice of her right to sue through her own fault. Id. at 839 (citing St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984)). Thus, where a right-to-sue letter is sent by certified mail and the plaintiff fails to pick up the letter before the post office returns it to the EEOC, the actual notice rule does not apply unless the plaintiff produces facts explaining why she did not timely retrieve the letter. Houston, 185 F.3d at 840, n.5.

Our prior opinion held that Luttrell failed to demonstrate that her failure to retrieve the letter was not her fault, and thus that she could not take advantage of the "actual notice rule." She was charged with constructive notice of her right to sue on

November 4, 2000, five days after the letter was issued by the EEOC. Her complaint, filed with this court 100 days later, was therefore ten days too late.

Luttrell now argues the Seventh Circuit's holding in Covington makes our prior decision erroneous. In Covington, the EEOC unsuccessfully attempted to send the plaintiff his right-to-sue letter via certified mail on October 19, 1999. Covington, 2001 U.S. App. LEXIS at *2. The postal service then posted notice at his address that he should pick up the letter at the post office. Id. at *3. The plaintiff never picked up the letter, and it was eventually returned to the EEOC on December 27, 1999. Id. The following day the EEOC sent the plaintiff a copy of the letter via first class mail, which the plaintiff acknowledged he received on January 4, 2000. Id. The plaintiff, acting *pro se*, filed his lawsuit on March 31, 2000, eighty-seven days after actually receiving the letter. Id. The defendant filed a motion to dismiss the plaintiff's untimely complaint, arguing that the 90-day filing period began to run on October 19, the day delivery was attempted and notice was posted at plaintiff's home. Id. In his response, the plaintiff attached an affidavit stating that he never received *any* notice that his right-to-sue letter was at the post office and only became aware of his right-to-sue upon actual receipt of the letter on January 4, 2000. Id. Plaintiff argued the 90-day period should have begun to run from that date, and that his lawsuit was timely filed. Id. The district court concluded that the plaintiff had been negligent in his failure to pick up his certified mail, barring application of the actual notice rule, and granted the defendant's motion to dismiss. Id.

The appellate court reversed and remanded, stating that because matters outside the pleadings were presented, the court should have treated the motion as one for summary judgment. Thus, it should have allowed the parties, particularly the plaintiff, to engage in discovery, and extended the appropriate deference to the nonmoving party. It found that the district court incorrectly made factual determinations about the plaintiff's conduct and simply chose to give more credence to the defendant's version of the events and to disregard those contained in the plaintiff's affidavit. The appellate court said the plaintiff's affidavit asserting that he never received any notice created an issue of material fact over his failure to retrieve the letter, and that the district court should have given the plaintiff the opportunity to respond to the defendant's claim that he was "at fault" by not picking up his certified mail.

In the instant case, Luttrell argues her situation is similar to Covington, in that this court did not apply the correct standard (i.e., that we did not make all inferences in the light most favorable to her) by holding she failed to demonstrate she acted without fault in neglecting to pick up her right-to-sue letter.

Unlike the motion in Covington, the motion this court granted was always styled as one for summary judgment. However, as in Covington, this case involves a genuine issue of material fact regarding when Luttrell received notice as well as whether her failure to obtain earlier notice resulted from her own fault. The certified mail receipt lists three dates: November 1, November 6, and November 16. According to Luttrell's affidavit, she received only one notice and picked up the letter within three days

thereafter. Taking the facts in the light most favorable to her, we could reasonably infer that the 90 days did not begin to expire until as late as November 20, three business days after the last date noted. November 20 would be safely within the 90-day window. The issue of timeliness therefore hinges on a fact determination, which cannot be properly made on summary judgment.

In light of Covington, therefore, we think it necessary to vacate the portion of our judgment addressing the timeliness of Luttrell's complaint, and we accordingly deny O'Connor summary judgment on that issue.

## CONCLUSION

Luttrell's motion for reconsideration is granted. We vacate our prior judgment on the timeliness of the complaint and deny O'Connor summary judgment on that issue.

                                    _Charles P. Kocoras_
                                    Charles P. Kocoras
                                    United States District Judge

Dated:   November 29, 2001