# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John C. O'Meara | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 01 C 979 | **DATE** | 9/23/2003 |
| **CASE TITLE** | Debra Luttrell et al. vs. O'Connor Chevrolet, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation is hereby submitted to Judge O'Meara. It is recommended that Defendants' Bill of Costs [#70] be granted in part and denied in part. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 4 2003 date docketed | |
| | Notified counsel by telephone. | | | 72 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 9/23/2003 date mailed notice | |
| FT/*sey* | courtroom deputy's initials | Date/time received in central Clerk's Office | PT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBRA B. LUTTRELL and              )
KIMBERLY A. OLSEN                  )
                                   )   No. 01 C 0979
            Plaintiffs,            )
                                   )   Judge John C. O'Meara
      v.                           )
                                   )   Magistrate Judge
O'CONNOR CHEVROLET, INC., an       )   Arlander Keys
Illinois Corporation, and          )
TIMOTHY O'CONNOR, individually,    )
                                   )
            Defendants.            )

TO:   THE HONORABLE JOHN CORBETT O'MEARA
      UNITED STATES DISTRICT JUDGE

### REPORT AND RECOMMENDATION

Currently before the Court is Defendants' Bill of Costs, filed pursuant to Rule 54(d) of the Federal Rules of Civil Procedure[1]. Defendants prevailed at trial against Plaintiffs, who claimed that Defendants were liable to them for sexual harassment and assault and battery. For the reasons set forth below, the Court recommends that Defendants' Bill of Costs be granted in part, and be denied in part.

---

[1] Prevailing parties in Title VII suits may recover their reasonable costs pursuant to Federal Rule of Civil Procedure 54(d). *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 430 (5th Cir. 2000). "Even in Title VII cases, FRCP Rule 54(d)(1) entitles the prevailing party to costs 'as of course.'" *Feltner v. Bluegreen Corp.*, NO. IP 02-0873-C-M/S, 2002 WL 31399106, at *9 (S.D. Ind. Oct. 8, 2002).

## BACKGROUND

Plaintiff Debra B. Lutrell was hired by O'Connor Chevrolet, Inc. ("O'Connor Chevrolet") as its Office Manager on September 14, 1998. Plaintiff Kimberly A. Olson was hired by O'Connor Chevrolet as its Business Develop Manager in January of 1999. Although Ms. Olson initially worked out of an office in Orland Park, Illinois, she was transferred to an office at O'Connor Chevrolet less than a year after being hired. At all relevant times, Defendant Timothy O'Connor was a sales manager at O'Connor Chevrolet.

Plaintiffs alleged that, while working at O'Connor Chevrolet, Timothy O'Connor sexually harassed them. They further claimed that they were fired in retaliation for complaining about Mr. O'Connor's allegedly inappropriate behavior. On February 12, 2002, Plaintiffs filed suit against Defendants. In their Amended Complaint, Plaintiffs brought claims of sexual harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), against O'Connor Chevrolet, as well as a number of state law claims against both Defendants.

On September 18, 2001, the district court dismissed Plaintiffs' state law claims, with the exception of the assault and battery claims against Timothy O'Connor and the state law slander claims against both Defendants. On June 5, 2002, the

district court granted Defendants' Summary Judgment Motion with respect to Plaintiffs' Title VII retaliation claims and state law slander claims. The parties proceeded to trial on Plaintiffs' surviving sexual harassment and state law assault and battery claims. On June 12, 2003, a jury returned a verdict in favor of Defendants and against Plaintiffs on all claims.

Defendants filed their Bill of Costs on July 14, 2003, and Plaintiffs filed objections less than two weeks later. The matter was subsequently referred to this Court on August 25, 2003.

### DISCUSSION

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs[2], other than attorneys fees "shall be allowed as of course to the prevailing party." *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002)(quoting Fed. R. Civ. P. 54(d)). *See also Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (there is a heavy presumption in favor of awarding costs to the prevailing party). Plaintiffs do not dispute that Defendants are prevailing parties, and do not seriously challenge

---

[2] Federal law permits prevailing parties to recoup the following costs: 1) fees of the clerk and marshal; 2) fees for court reporters and transcripts; 3) fees for printing and witnesses; 4) fees for copies of papers necessarily obtained for use in the case; 5) docket fees; and 6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920 (West 2002).

3

Defendants' entitlement to their reasonable costs[3]. Plaintiffs' Objection centers primarily upon their contention that several entries on Defendant's Bill of Costs are unreasonable and/or are not recoverable.

Plaintiffs first argue that Defendants should not be permitted to recover the costs for the deposition transcripts of several witnesses, because the Defendants' Bill of Costs fails to set forth the number of pages within the depositions. Because Defendants have not revealed the rate per page, Plaintiffs argue, it is impossible to discern whether the rate sought exceeds the permissible rates for deposition transcripts and copies, as set by the Judicial Conference. *See* 28 U.S.C. § 1920(2) (West 2003); *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). Plaintiffs do not contest the reasonableness of obtaining the deposition transcripts, only Defendants' failure to identify the rate per page and to identify whether the costs relate to originals or expedited copies.

---

[3] The Court rejects Plaintiffs' argument that they should not be required to pay Defendants' reasonable costs for defending against Plaintiff's lawsuit, simply because they've paid their own costs. *See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221-22 (7th Cir. 1988) (stating that Rule 54(d)(1) creates a presumption in favor of costs that is "difficult to overcome.") Absent special circumstances, which Plaintiffs do not allege are present here, Defendants are entitled to their reasonable costs. *See Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003).

The Court acknowledges that other courts have disallowed recovery of such costs in similar circumstances, *McCollough v. O'Neill*, NO. 01 C 6510, 2003 WL 737847, at *2 (N.D. Ill. Feb. 28, 2003). In light of Plaintiffs' implicit concession that the transcripts were reasonably necessary, however, the Court instead recommends reducing the requested recovery by 50%, to $567.50[4].

Next, Plaintiffs demonstrate that, with regard to the transcript costs that Defendants have properly documented, Defendants seek to recover costs in excess of those allowed by the Judicial Conference and the United States District Court for the Northern District of Illinois. The Judicial Conference has established $3.30 as the permissible rate per page for original transcripts, $4.40 per page for expedited copies, $.83 per page for the first transcript copy, and $.55 per page for each copy thereafter. See *McCollough*, 2003 WL 737847, at *1. Defendants, however, seek to recover as much as $4.35 per page for original transcripts, and $2.50 per page for copies. Defendants' request for fees in excess of the rates set by the Judicial Conference should not be awarded, and, accordingly, the Court reduces Defendants' request by $200.55. See Pls.' Objctns., Ex. 5.

---

[4] Notably, Plaintiffs have taken it upon themselves to determine, largely, the number of transcript pages and likely rate per page for the depositions in question. Pursuant to Plaintiffs' calculations, Defendants' request would need to be reduced by $481.00 to conform with the standards set by the Judicial Conference. See Pls.' Objctns., Ex. 4.

5

Plaintiffs also challenge Defendants' right to recover delivery and/or shipping costs for four deposition transcripts. Delivery charges for transcripts are not typically recoverable in a Bill of Costs. *McDonald v. Village of Winnetka*, No. 00 C 3199, 2003 WL 1989656, at *2 (April 30, 2003) ("[U]nder the Judicial Conference guidelines, postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts.") Therefore, the requested $28.00 in delivery charges are not allowable.

Similarly, the Court agrees that Defendants are not entitled to recover the costs for a condensed transcript, as a second copy, of Bill Marks' deposition, see *Id.* citing *Ochana v. Flores*, 206 F.Supp. 2d 941, 945 (N.D. Ill. 2002), and reduces Defendants' permissible costs by $30.00.

Plaintiffs next dispute $196.90 in copying costs that Defendants seek to recover. Courts in this district rarely allow parties to recover more than $.20 per page for copies, and have found that copies of court filings for a party's personal use are not recoverable. *See McDonald*, 2003 WL 1989656, at *2-3. Plaintiffs argue that Defendants have failed to document the number of copies made or the cost per page, and have failed to explain why these copies were necessary. Because the Court cannot discern whether the rate per page was reasonable, or whether Defendants are seeking to recover for copies made for

their personal use, Plaintiffs argue, the entire charge should be denied.

Plaintiffs are only half right; Defendants list the documents copied, but fail to identify the number of pages copied or the rate charged per page. A review of Defendants' list reveals that the copies were obviously necessary; Defendants seek to recover its costs for copying Plaintiffs' Equal Employment Opportunity Commission Files, Defendants' Motion for Summary Judgment, their Reply in Support of Summary Judgment, etc. Moreover, even though Defendants do not identify the exact rate charge, their request is not overly-excessive. For example, Defendants seek to recover $14.80 for copies of its Summary Judgment Motion – a Motion that is typically 15 to 20 pages in length (including service pages, etc.) and that must be filed with the Clerk's Office for the Northern District of Illinois, the district court judge, and served upon opposing counsel. Therefore, instead of disallowing the copying costs in their entirety, the Court recommends reducing Defendants' request for copying fees by 20%, or $39.38.

Finally, Plaintiffs contend that Defendants have not sufficiently explained why certain enlarged exhibits were necessary; therefore, the cost of creating these exhibits should not be recoverable. The Court disagrees. Defendants used these exhibits at trial, and the cost is recoverable.

## CONCLUSION

Plaintiffs failed to persuade a jury that Defendants sexually harassed them in violation Title VII, or committed assault and battery under Illinois law. This Court is of the opinion that Defendants, as prevailing parties, are entitled to recover their reasonable costs. The Court finds that Defendants' costs are largely reasonable, but, for the reasons set forth above, recommends reducing their recoverable costs by $ 865.43, and instead awarding Defendants $4,361.63.

Dated:   September 23, 2003    RESPECTFULLY SUBMITTED:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge


Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable John C. O'Meara.  See FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).